777 So.2d 1082 (2001)
Jeff L. JEFFERSON, Appellant,
v.
STATE of Florida, Appellee.
No. 2D00-3852.
District Court of Appeal of Florida, Second District.
January 17, 2001.
PER CURIAM.
Jeff L. Jefferson appeals the summary denial of his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We reverse.
Jefferson states in his motion that the trial court sentenced him to five years' incarceration after he violated his probation in trial court case number 97-4125 on an attempted felon in possession of a firearm offense committed on May 20, 1997. Jefferson states he is also serving a concurrent fifteen-year sentence as a prison releasee reoffender on a different case, which has a trial court case number of 98-3522.
Jefferson claims he is entitled to be resentenced under the 1994 guidelines on case number 97-4125 pursuant to the supreme court's decision in Heggs v. State, 759 So.2d 620 (Fla.2000), because his current five-year sentence is a departure sentence under the 1994 guidelines. Jefferson has stated a facially sufficient claim for relief. See Heggs, 759 So.2d at 623, 627-28. The trial court summarily denied Jefferson's motion, finding that he was not entitled to relief because he was sentenced as a prison releasee reoffender. In support of its finding, the court attached a scoresheet for case number 98-3522. No other documentation was attached to the trial court's order.
If Jefferson was sentenced as a prison releasee reoffender in case number 97-4125, this would be an illegal sentence. According to Jefferson, the offense in 97-4125 was committed on May 20, 1997, which was ten days before the Prison Releasee Reoffender Punishment Act became effective. See Williams v. State, 743 So.2d 1154 (Fla. 2d DCA 1999) (holding that it was an ex post facto violation to impose a prison releasee reoffender sentence on offenses committed prior to the effective date of the act, which was May 30, 1997). Furthermore, the offense of attempted felon in possession of a firearm is not one of the enumerated offenses which qualifies a defendant for treatment as a prison releasee reoffender. See § 775.082(8)(a), Fla. Stat. (1997).
*1083 Accordingly, the trial court's order is reversed and remanded with instructions to determine whether Jefferson in fact committed the offense in trial court case number 97-4125 within the Heggs window and, if so, whether his sentence could not have been imposed under the 1994 guidelines without a departure. If the answers to both of these questions are affirmative, then Jefferson must be resentenced in accordance with the valid guidelines in existence at the time he committed his offense in case number 97-4125. If the court again enters an order declaring resentencing unnecessary, it should attach all documents necessary to reach that conclusion. See Smith v. State, 761 So.2d 419 (Fla. 2d DCA 2000).
Reversed and remanded.
FULMER, A.C.J., and WHATLEY and STRINGER, JJ., concur.