801 So.2d 973 (2001)
Maurice HARRIS, Appellant,
v.
STATE of Florida, Appellee.
No. 2D01-3625.
District Court of Appeal of Florida, Second District.
December 5, 2001.
NORTHCUTT, Judge.
Maurice Harris challenges the order of the trial court denying his motion filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm without discussion the denial of one of the grounds contained in the motion. We affirm the trial court's denial of the remaining two 3.850 claims because they are facially insufficient. Our affirmance is without prejudice to any right Harris might have to file a *974 facially sufficient rule 3.850 motion alleging the same grounds for relief.
According to his motion, Harris pleaded guilty to several offenses and was sentenced to a total of twenty years' prison as a habitual offender. The trial court's order and the attachments to it show that within thirty days of the rendition of the sentences, Harris filed a motion to withdraw his pleas pursuant to Florida Rule of Criminal Procedure 3.170(l). The motion was denied by the trial court, and Harris filed the present rule 3.850 motion within the applicable two-year time limit. The trial court denied the motion as successive. However, two of the grounds raised in the motion were not raised in the prior rule 3.170(l) motion.
In the 3.850 motion, Harris alleged that his pleas were involuntary because the trial court did not advise him of the consequences of habitualization. Harris's claim, although cognizable in a rule 3.850 motion, is facially insufficient because he failed to allege that he would not have pleaded if he had been aware of the reasonable consequences of habitualization. See Newsome v. State, 704 So.2d 213 (Fla. 2d DCA 1998). We therefore affirm without prejudice to any right Harris might have to file a facially sufficient claim in this regard. See Sampson v. State, 794 So.2d 631 (Fla. 2d DCA 2001).
Harris also sought to withdraw his pleas on the basis that he pleaded guilty with the understanding that he would not be sentenced as a habitual offender. The portion of the transcript of the plea hearing that Harris attached to his motion appears to support this claim. However, Harris again failed to allege prejudice, because he failed to allege that he would not have pleaded if he had known that the trial court would sentence him as a habitual offender. When a defendant, in a rule 3.850 motion, seeks to withdraw his plea on the ground that it was involuntary because he was provided incorrect information regarding the consequences of the plea, he must allege that he would not have accepted the plea if he had been fully aware of the consequences. See State v. Taylor, 738 So.2d 988 (Fla. 2d DCA 1999) (holding that for a facially sufficient claim that the plea was involuntary based on misadvice of counsel, defendant must allege he would not have accepted the plea agreement but for the misadvice). Again our affirmance is without prejudice to any right Harris might have to file a facially sufficient claim. Harris shall have sixty days from the date the mandate issues in this case to file a facially sufficient rule 3.850 motion containing the above two claims.
We note that Harris's motion also contained the statement that "the sentencing documents do not comport with the oral pronouncement." The trial court did not address this claim in its order denying Harris's motion. Such a claim is cognizable in a Florida Rule of Criminal Procedure 3.800(a) proceeding. See Dawson/Knapp v. State, 698 So.2d 266 (Fla. 2d DCA 1997). However, Harris does not state the factual basis for this claim, and it is conclusory and facially insufficient. We therefore affirm the denial of the claim. Our affirmance is without prejudice to any right Harris might have to file a facially sufficient rule 3.800 claim addressing this issue.
Affirmed.
ALTENBERND, A.C.J., and WHATLEY, J., concur.