823 So.2d 833 (2002)
Terrell BUSH, Appellant,
v.
STATE of Florida, Appellee.
No. 2D02-2451.
District Court of Appeal of Florida, Second District.
August 14, 2002.
ALTENBERND, Judge.
Terrell Bush appeals the trial court's order denying his motion to correct an illegal sentence. We affirm albeit for reasons other than those contained in the trial court's order.
Mr. Bush shot and wounded another man on October 24, 1998. He was charged with attempted first-degree murder. He ultimately entered a plea of nolo contendere to the offense of aggravated battery with a firearm. The trial court sentenced him to five years' imprisonment with a three-year minimum mandatory term of imprisonment pursuant to section 775.087(2), Florida Statutes (1999).
*834 Mr. Bush filed a motion to correct an illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a). He argued that his sentence was illegal because it included the three-year minimum mandatory. He believes that this court's opinion in Taylor v. State, 818 So.2d 544 (Fla. 2d DCA 2002), rendered all of chapter 775 unconstitutional and specifically rendered section 775.087(2) unconstitutional. Taylor held that chapter 99-188, Laws of Florida, was unconstitutionally enacted in violation of the single-subject rule.
The trial court denied Mr. Bush's motion on the ground that, during the 2002 legislative session, the legislature had reenacted the provisions affected by Taylor. The legislature expressly made the new statutes retroactive to a period including the date of Mr. Bush's offense. Thus, the trial court relied on the new statutes to render Mr. Bush's sentence legal. Mr. Bush maintains that the legislature had no power to enact such legislation on a retroactive basis.
We do not need to decide how recent legislation may affect our decision in Taylor or even whether Taylor rendered section 775.087(2) unconstitutional. Assuming Taylor applies in this case, that decision announced that the validly enacted statutes in effect at the time of the offense would control sentencing. The three-year minimum mandatory sentence for use of a firearm during the commission of aggravated battery existed prior to chapter 99-188. Mr. Bush's sentence is legal even if section 775.087(2) is the controlling statute.
Affirmed.
WHATLEY and NORTHCUTT, JJ., Concur.