DAVIS, Judge.
Demeatrice Cubby challenges the order of the trial court denying his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Cubby argues that his sentence as a prison releasee reoffender is illegal based on Taylor v. State, 818 So.2d 544 (Fla. 2d DCA 2002). Taylor held that chapter 99-188, Laws of Florida, was unconstitutional since it was enacted in violation of the single subject rule. The effective date of the prison releasee reoffender statute is May 30,1997. Jefferson v. State, 111 So.2d 1082 (Fla. 2d DCA 2001). Chapter 99-188 broadened the definition of a prison releasee reoffender to include a defendant who commits a listed offense while serving a prison sentence or is on escape status. See ch. 99-188, § 2. Since Cubby has not alleged that he was affected by the amendments to the prison releasee reof-fender statute nor has he alleged that he could not have been sentenced as a prison releasee reoffender pursuant to the statute in existence prior to the passage of chapter 99-188, his claim is facially insufficient. See Bush v. State, 823 So.2d 833 (Fla. 2d DCA 2002) (holding that the validly enacted statutes in effect prior to the enactment of chapter 99-188 control sentencing). Accordingly, we affirm the order of the trial court.
Affirmed.
FULMER and COVINGTON, JJ., concur.