839 So.2d 737 (2003)
Bruce LINDSEY, Appellant,
v.
STATE of Florida, Appellee.
No. 2D02-2357.
District Court of Appeal of Florida, Second District.
January 24, 2003.
Rehearing Denied March 10, 2003.
James Marion Moorman, Public Defender, and Tosha Cohen, Assistant Public Defender, Bartow, for Appellant. *738 Charlie Crist, Attorney General, Tallahassee, and Dale E. Tarpley, Assistant Attorney General, Tampa, for Appellee.
DAVIS, Judge.
Bruce Lindsey challenges the order of the trial court denying his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Lindsey argues that his sentence as a prison releasee reoffender is illegal based on Taylor v. State, 818 So.2d 544 (Fla. 2d DCA), review dismissed by 821 So.2d 302 (Fla.2002). Taylor held that chapter 99-188, Laws of Florida, was unconstitutional since it was enacted in violation of the single subject rule. The effective date of the Prison Releasee Reoffender Punishment Act[1] is May 30, 1997. Jefferson v. State, 777 So.2d 1082 (Fla. 2d DCA 2001). Chapter 99-188 broadened the definition of a prison releasee reoffender to include a defendant who commits a listed offense while serving a prison sentence or is on escape status. See ch. 99-188, § 2, at 1041, Laws of Fla. Since Lindsey has not alleged that he was affected by the amendments to the Act and that he could not have been sentenced as a prison releasee reoffender pursuant to the statute in existence prior to the passage of chapter 99-188, his claim is facially insufficient. See Bush v. State, 823 So.2d 833 (Fla. 2d DCA 2002) (holding that the validly enacted statutes in effect prior to the enactment of chapter 99-188 control sentencing).
Accordingly, we affirm the order of the trial court.
ALTENBERND and CASANUEVA, JJ., concur.
NOTES
[1] Ch. 97-239, Laws of Fla.