STRINGER, Judge.
Charles E. Powell appeals the denial of his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Powell argues that his sentence as a prison releasee reoffen-der is illegal based on Taylor v. State, 818 So.2d 544 (Fla. 2d DCA 2002), review dismissed, 821 So.2d 302 (Fla.2002), which held that chapter 99-188, Laws of Florida, was unconstitutional because it was enacted in violation of the single subject rule. Chapter 99-188 broadened the definition of a prison releasee reoffender to include a defendant who commits a fisted offense while serving a prison sentence or while on escape status. See Ch. 99-188, § 2, at 1041, Laws of Fla. Since Powell has not alleged that he was affected by the amendments to the prison releasee reoffender statute, this claim is facially insufficient. See Lindsey v. State, 839 So.2d 737 (Fla. 2d DCA 2003); McCarthy v. State, 835 So.2d 367 (Fla. 2d DCA 2003); Cubby v. State, 835 So.2d 338 (Fla. 2d DCA 2003). Accordingly, we affirm as to this issue.
Powell also claims that his sentence violates double jeopardy because the enhancement of his sentence contains two punishments for one criminal episode. However, he does not explain the enhancement or the two punishments to which he refers nor does he allege that his entitlement to relief can be determined from the face of the record. Therefore, this claim is facially insufficient. See McCune v. State, 831 So.2d 248 (Fla. 2d DCA 2002); see also Harris v. State, 801 So.2d 973 (Fla. 2d DCA 2001) (affirming the denial of a rule 3.800(a) claim where the defendant did not state a factual basis for the claim). As to this claim, we affirm without prejudice to any right Powell may have to file a facially sufficient rule 3.800(a) motion or a timely, facially sufficient motion under Florida Rule of Criminal Procedure 3.850.
Affirmed.
COVINGTON and KELLY, JJ„ concur.