ORFINGER, J.
Francisco J. Diaz appeals the summary denial of his motion for postconviction relief. Diaz pled guilty to trafficking in 28 grams or more of heroin in violation of section 893.135(l)(c)l.c., Florida Statutes (1999), and was sentenced to the statutorily mandated twenty-five year minimum mandatory prison term. The denial of Diaz’s earlier motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850 was affirmed by this court. See Diaz v. State, 818 So.2d 521 (Fla. 5th DCA 2002).
Diaz then filed a second rule 3.850 motion. The trial court correctly concluded that two of Diaz’s three claims for relief were procedurally barred, as they either were raised, or could have been raised, in his previous rule 3.850 motion. The trial court treated Diaz’s third claim that his sentence was illegal as a motion for relief pursuant to Florida Rule of Criminal Procedure 3.800(a). Diaz argues that because Chapter 99-188, Laws of Florida, which revised section 893.135, was determined to be unconstitutional, his sentence is illegal.
Diaz correctly observes that Chapter 99-188, which enacted changes to section 893.135, was found to be unconstitutional in violation of the single subject rule. See Taylor v. State, 818 So.2d 544 (Fla. 2d DCA 2002). Diaz is not, however, entitled to relief. In Hersey v. State, 831 So.2d 679 (Fla. 5th DCA 2002), this court held that the enactment of Chapter 02-210, Laws of Florida, cured Chapter 99-188’s constitutional infirmity and applied retroactively. While we recognize that our opinion in Hersey conflicts with Green v. State, 839 So.2d 748 (Fla. 2d DCA 2003), which held that the curative effect of Chapter 02-210 could not be applied retroactively because retroactive application would violate the ex post facto clauses of the United States and Florida Constitution, Diaz’s claim would still lack merit because he was not adversely affected by the amendments made by Chapter 99-188. See Lindsey v. State, 839 So.2d 737 (Fla. 2d DCA 2003). Under the 1998 version of section 893.135, Diaz’s mandatory minimum sentence would have been the same. Accordingly, we affirm the trial court’s order.
AFFIRMED.
SHARP, W. and PALMER, JJ., concur.