PETERSON, J.
William Floyd Alexander appeals the trial court’s summary denial of his Florida Rule of Criminal Procedure 3.850 motion for post-conviction relief. Alexander alleges that he would not have entered a plea of nolo contendere to multiple charges including manslaughter and armed robbery with a firearm if his trial counsel had not misad-vised him that he would only have to serve 85% of his fifteen-year sentence because of gain time eligibility, and if trial counsel had not failed to advise him that he would incur a mandatory ten-year term for armed robbery.
The trial court found Alexander’s motion legally insufficient under Hoggs v. State, 857 So.2d 358 (Fla. 5th DCA 2003). In Hoggs, this court denied post-conviction relief based on a claim of ineffective assistance of counsel because the defendant failed to allege that, “but for counsel’s advice, he would have proceeded to trial.” In the instant case, Alexander alleged that if he had known that he would have to serve a mandatory ten-year sentence without being eligible for gain time, he would not have entered a plea. We find that these allegations are close enough to the Hoggs’ requirement and a defendant need not allege both that he would not have pled nolo contendere and would have gone to trial. Logically, if a defendant pleads not guilty, then he will proceed to trial. Likewise, if the defendant goes to trial, then by necessity he would not have pled guilty or nolo contendere.
We reverse the summary denial order and remand to allow the trial court to address the merits of Alexander’s allegations that his defense counsel’s alleged misadvice and failure to advise caused him to forgo his right to trial.
REVERSED AND REMANDED.
SAWAYA, C.J., and TORPY, J., concur.