770 So.2d 1258 (2000)
Anthony COUSINO, Appellant,
v.
STATE of Florida, Appellee.
No. 4D00-909.
District Court of Appeal of Florida, Fourth District.
November 8, 2000.
*1259 Kayo E. Morgan, Fort Lauderdale, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and James J. Carney, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Appellant Anthony Cousino appeals from a final order summarily denying his motion for post-conviction relief filed pursuant to rule 3.850, Florida Rules of Criminal Procedure.
Appellant pled nolo contendere to burglary of a residence with intent to commit an assault, and was adjudicated guilty and placed on two years of community control. He did not appeal. He filed the subject motion for post-conviction relief alleging ineffective assistance of trial counsel for failing to advise him of possible defenses to burglary, and for failing to advise him that he could plead to burglary or that there was a lesser included offense of misdemeanor trespass to the charge. He said that lack of intent to commit an assault was a defense which could have been raised on his behalf and that it was supported by an affidavit of the victim, a copy of which he attached. He also alleged that a stand-in or substitute assistant public defender appeared in court for him but did not ask him about the facts of his case, possible defenses, or discuss discovery matters with him prior to entry of his plea. He alleged that he was led to believe that he had no option of speaking with his originally assigned lawyer before deciding whether to plead. He added an allegation that his pleas were involuntary as a result of the ineffective assistance of counsel.
The State filed a response arguing the insufficiency of the claims in the trial court. It also attached a copy of the victim's deposition transcript detailing the burglary and battery in an attempt to refute the statements she made in her affidavit filed in support of the motion for postconviction relief. In addition, it attached a copy of the transcript of the testimony of the victim's friend who admitted she did not witness the assault or attempted assault, but only heard an account from the victim.
The trial court summarily denied the motion based on the State's response and attachments.
To demonstrate ineffective assistance of trial counsel, a movant must establish that (1) counsel made errors so serious that counsel is not functioning as counsel guaranteed by the sixth amendment; and that (2) the deficient performance of counsel prejudiced the defense. *1260 Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). This test has been extended to allegations of ineffective assistance of counsel arising out of the plea process. See Hill v. Lockhart, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). However, in such cases, the "prejudice prong" of the Strickland test is satisfied by an allegation "that there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pleaded guilty and would have insisted on going to trial." Id. at 59, 106 S.Ct. 366. It is not necessary to allege, in addition, that a defense existed to the charge. See Worden v. State, 688 So.2d 958 (Fla. 4th DCA 1997); Mason v. State, 742 So.2d 370 (Fla. 1st DCA 1999). We would note apparent conflict with the third and fifth districts on this latter point. See, e.g., Siegel v. State, 586 So.2d 1341 (Fla. 5th DCA 1991); Diaz v. State, 534 So.2d 817 (Fla. 3d DCA 1988).
We find appellant's claims of ineffective assistance of trial counsel resulting in his entry of the pleas, and of involuntary or coerced pleas, to be legally and factually sufficient. We reverse and remand for attachment of portions of the record which conclusively refute those claims, or for an evidentiary hearing thereon.
REVERSED and REMANDED.
POLEN, TAYLOR and HAZOURI, JJ., concur.