804 So.2d 599 (2002)
Jackie Ray MAPLES, Appellant,
v.
STATE of Florida, Appellee.
No. 5D01-2760.
District Court of Appeal of Florida, Fifth District.
January 18, 2002.
*600 Jackie Ray Maples, Miami, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Angela D. McCravy, Assistant Attorney General, Daytona Beach, for Appellee.
SHARP, W., J.
Maples appeals from the summary denial of his motion alleging ineffective assistance of trial counsel and two grounds to establish an involuntary plea, pursuant to Florida Rule of Criminal Procedure 3.850. Maples pled guilty to burglary with an assault or battery,[1] loitering and prowling,[2] and resisting an officer without violence.[3] We affirm.
Maples asserts his trial counsel failed in his defense by not moving to suppress identification witnesses, because the identifications were the product of an illegal stop and an unduly suggestive out-of-court identification procedure. He alleges that had he known of these defenses he would not have pled to the charges. However, in order to establish a claim of ineffective assistance in connection with a nolo contendere or guilty plea, a defendant must show he in fact had a viable defense. See Siegel v. State, 586 So.2d 1341 (Fla. 5th DCA 1991). The attachments to the trial court's order show that the stop and the subsequent identification were lawful. Thus, Maples has not demonstrated a viable defense.
With regard to the involuntary plea claim, Maples claims his was involuntary because it was based on false advice of the *601 trial court and trial counsel. He was originally sentenced to thirty years as a Prison Releasee Reoffender. On appeal, this court vacated that sentence and remanded for resentencing for life.[4] Maples now contends his counsel failed to inform him that the thirty-year sentence was illegal and that the minimum sentence the court could impose was life. However, the record reflects Maples was informed that the thirty year sentence was not guaranteed and could be reversed on appeal. Thus, Maples has failed to demonstrate any prejudice. He was aware of the risks when he entered his plea.
Maples also contends he was on "Haldol" and "Triazodone" during the plea colloquy and he was incapable of voluntarily entering a plea. The record refutes this claim. At the plea hearing, Maples was questioned about his medications. He said they did not make him feel inebriated, but in fact helped him understand the proceedings.
AFFIRMED.
HARRIS and GRIFFIN, JJ., concur.
NOTES
[1] §§ 810.02(1) and (2)(A); 784.03, Fla. Stat.
[2] § 856.021, Fla. Stat.
[3] § 843.02, Fla. Stat.
[4] See State v. Maples, 739 So.2d 127 (Fla. 5th DCA 1999), rev. denied, 770 So.2d 159 (Fla. 2000).