PER CURIAM.
We reverse the summary denial of appellant’s motion for postconviction relief under Florida Rule of Criminal Procedure 3.850.
Appellant entered a plea of no contest to burglary of a dwelling while armed with a weapon and grand theft. The burglary charge was a first degree felony. See § 810.02(2)(b), Fla. Stat. (2006). Appellant complains that his lawyer did not tell him of a possible defense — that the pocket knife he had in his possession at the time of the burglary was not a “dangerous weapon” within the meaning of section 810.02(2)(b). See Arroyo v. State, 564 So.2d 1153 (Fla. 4th DCA 1990); L.B. v. State, 700 So.2d 370 (Fla.1997). Appellant claims that had he known of this defense he would have gone to trial instead of accepting the plea. See Grosvenor v. State, 874 So.2d 1176 (Fla.2004). No transcript of the plea colloquy was attached to the circuit court’s order denying relief.
On remand, the trial court shall either provide record attachments conclusively refuting appellant’s claim or conduct an evidentiary hearing under Grosvenor.

Reversed and remanded.

GUNTHER, GROSS and TAYLOR, JJ., concur.