IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

KENNETH LYNN MASON,

      Appellant,

v.

STATE OF FLORIDA,

      Appellee.

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D13-6187

_____/

Opinion filed December 5, 2014.

An appeal from the Circuit Court for Clay County.
John H. Skinner, Judge.

Kenneth Lynn Mason, pro se, Appellant.

Pamela Jo Bondi, Attorney General, and Charles R. McCoy, Senior Assistant Attorney General, Tallahassee, for Appellee.

MARSTILLER, J.

Pursuant to a negotiated plea agreement, Kenneth Lynn Mason ("Appellant") in 2009 pled guilty to lewd and lascivious molestation and received a prison sentence of 17 years followed by 15 years' sex offender probation. Three

years later, Appellant filed a postconviction motion under Florida Rule of Criminal Procedure 3.850 claiming ineffective assistance of defense counsel and seeking to vacate his plea as involuntarily entered. A subsequently-filed amended motion raised three claims: (1) counsel failed to investigate whether law enforcement officers read Appellant his *Miranda*[1] rights before he confessed, orally and in writing, to the molestation during an interview he voluntarily participated in; (2) counsel failed to file a motion to suppress Appellant's inculpatory statements; and (3) the sentence the trial court imposed was not the agreed-upon sentence set forth in the negotiated plea agreement. The post-conviction court summarily denied all three claims.

To prevail on an ineffective-assistance-of-counsel motion, a defendant must show that (1) counsel's performance was so deficient that he or she did not provide the representation guaranteed by the Sixth Amendment, and that (2) counsel's deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy the deficient-performance prong of the *Strickland* test, a defendant "must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id*. at 690. The prejudice prong of the *Strickland* test requires a defendant to show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).

proceeding would have been different." *Id*. at 694. In the context of a guilty plea, the prejudice prong requires the defendant to show "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *see also Grosvenor v. State*, 874 So. 2d 1176, 1179 (Fla. 2004). "[A] defendant is entitled to an evidentiary hearing on a postconviction relief motion unless (1) the motion, files, and records in the case conclusively show that the prisoner is entitled to no relief, or (2) the motion or a particular claim is legally insufficient." *Freeman v. State*, 761 So. 2d 1055, 1061 (Fla. 2000).

We reverse the denial of Appellant's first and second claims related to defense counsel's asserted failure to investigate grounds to suppress Appellant's confession, and remand the claims for an evidentiary hearing. The postconviction court largely relied on a pre-sentencing filing in the record entitled, "Defendant's List of Mitigating Factors," in which Appellant, through counsel, stated that he "fully cooperated" with law enforcement, and "voluntarily" attended and participated in the "interview" with officers during which he admitted committing the unlawful acts for which he later was arrested and charged. Based on these factual assertions, the postconviction court determined Appellant was not under custodial interrogation, and therefore, *Miranda* warnings were not required. We conclude, however, Appellant's statements provided insufficient information upon

3

which to base so conclusive a determination. *See Ramirez v. State*, 739 So. 2d 568, 574 (Fla. 1999) (setting forth factors for determining whether a reasonable person would have believed he was in custody), *cert. denied*, 528 U.S. 1131 (2000). Neither do the statements conclusively refute Appellant's postconviction claims or permit a conclusion, without more information, that defense counsel acted reasonably under the circumstances. *See Strickland*, 466 U.S. at 691 ("The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions. Counsel's actions are usually based, quite properly, on informed strategic choices made by the defendant and on information supplied by the defendant.").

We affirm the denial of Appellant's third claim for it is fully refuted by the record. The written plea agreement states that in return for his guilty plea to lewd and lascivious molestation, Appellant would be sentenced to between 10 and 30 years' imprisonment followed by 15 years of sex offender probation, and that the actual prison sentence would be determined by the court at the time of sentencing. Furthermore, the transcript of Appellant's plea colloquy demonstrates that Appellant fully understood the maximum sentence he was facing.

AFFIRMED, in part; REVERSED, in part; and REMANDED.

BENTON and WETHERELL, JJ., CONCUR.