# Third District Court of Appeal

## State of Florida

Opinion filed January 9, 2019.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-1567
Lower Tribunal No. 15-265
_____

**Rafael Cendan,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Stacy D. Glick, Judge.

Rafael Cendan, in proper person.

Ashley Brooke Moody, Attorney General, and Marlon J. Weiss, Assistant Attorney General, for appellee.

Before FERNANDEZ, SCALES and LUCK, JJ.

PER CURIAM.

Rafael Cendan appeals an order denying, after an evidentiary hearing, his postconviction motion alleging claims for ineffective assistance of defense counsel. See Fla. R. Crim. P. 3.850. We affirm.

To establish a claim of ineffective assistance of counsel, Cendan must demonstrate both that defense counsel's performance was deficient and that the deficiency prejudiced him. See Strickland v. Washington, 466 U.S. 668 (1984); Chandler v. State, 848 So. 2d 1031, 1035 (Fla. 2003). Cendan asserts that his defense counsel was ineffective for counsel's alleged failure to advise Cendan of available defenses prior to Cendan pleading guilty to the underlying charges. To prevail on this claim, Cendan was required to prove both: (i) that defense counsel's performance was deficient; and (ii) that under "the totality of the circumstances surrounding the plea," there was a reasonable probability that, but for defense counsel's deficiency, Cendan would have gone to trial instead of entering a plea. Grosvenor v. State, 874 So. 2d 1176, 1181-82 (Fla. 2004).

Based on the evidence adduced at the evidentiary hearing conducted below, the trial court concluded that defense counsel was not at all deficient and denied Cendan's rule 3.850 motion. Having reviewed the record, we find no error in the trial court's determination. See Mungin v. State, 932 So. 2d 986, 998 (Fla. 2006) ("In reviewing a trial court's ruling after an evidentiary hearing on an ineffective assistance of counsel claim, this Court defers to the factual findings of the trial court

2

to the extent that they are supported by competent, substantial evidence, but reviews de novo the application of the law to those facts.").  We therefore affirm the order denying Cendan's motion for postconviction relief.

Affirmed.