# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

———————————————————

Case No. 5D23-2658
LT Case Nos. 2013-305906-CFDB
2013-306530-CFDB
2017-300901-CFDB
2017-302243-CFDB
2017-304704-CFDB

———————————————————

MARQUIS A. MCCORVEY,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

———————————————————

3.850 Appeal from the Circuit Court for Volusia County.
Raul A. Zambrano, Judge.

Marquis A. McCorvey, Raiford, pro se.

No Appearance for Appellee.

April 12, 2024

HARRIS, J.

Marquis McCorvey appeals the postconviction court's summary denial of his seven-ground Florida Rule of Criminal Procedure 3.850 motion. We find that ground five of McCorvey's motion was insufficiently pled, and, because McCorvey should be

given the opportunity to amend that ground, we reverse on that limited basis. In all other respects, the summary denial of the remaining grounds is affirmed.

The defendant in a postconviction proceeding bears the burden of establishing a prima-facie case based upon a legally valid claim; conclusory allegations are insufficient. *See Patton v. State*, 784 So. 2d 380, 386 (Fla. 2000). When a defendant files a facially insufficient motion, he is entitled to one opportunity to amend the motion. *See Spera v. State*, 971 So. 2d 754, 761 (Fla. 2007); Fla. R. Crim. P. 3.850(f)(2). The defendant must have been given a meaningful opportunity to cure all the insufficiencies in his motion. *See Osorio v. State,* 233 So. 3d 516, 517 (Fla. 2d DCA 2017).

To make a showing of ineffective assistance of counsel following the entry of a plea, a defendant must first show that counsel's performance was deficient. *See Grosvenor v. State*, 874 So. 2d 1176, 1179 (Fla. 2004) (citing *Hill v. Lockhart*, 474 U.S. 52, 58–59 (1985)). This is determined based on the totality of the circumstances. *Id.* at 1181 (citing *Strickland v. Washington*, 466 U.S. 668, 690 (1984)). Second, the defendant must show that there was "a reasonable probability that, but for counsel's errors, the defendant would not have pleaded guilty and would have insisted on going to trial." *Id.* (quoting *Hill*, 474 U.S. at 59).

The fifth ground of McCorvey's motion alleged that his trial counsel was ineffective for advising him to enter a plea when he had a defense to the charges. Specifically, he contended that he was innocent of two of the offenses with which he was charged and suggested the State did not have a corpus delicti for these offenses. Despite his innocence, McCorvey claimed that his counsel advised him that it was in his best interest to accept the State's plea offer, which he ultimately did.

The postconviction court summarily denied this claim on the basis that it was challenging the sufficiency of the evidence, which it found to be improper in a Rule 3.850 motion. We see this claim differently. McCorvey was not challenging the sufficiency of the evidence, but rather alleging that his trial counsel was ineffective for advising him to enter the plea when he had a defense to the charge. In that sense, the claim is governed by *Grosvenor*. While

his claim may appear dubious, nothing in the attached record conclusively refutes his arguments, so they must be taken as true. If McCorvey did in fact have a valid defense to these charges, his trial counsel advising him to enter no contest pleas to them may well have constituted deficient performance. However, McCorvey did not allege prejudice under *Grosvenor*, since he never alleged that had he been properly advised, he never would have entered the plea. Consequently, the claim was insufficiently pled, and he should be given an opportunity to amend it under *Spera*.

The postconviction court's summary denial of ground five of McCorvey's motion is reversed and remanded with instructions to afford McCorvey an opportunity to amend.

AFFIRMED in part; REVERSED in part; REMANDED with instructions.

EDWARDS, C.J., and MAKAR, J., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

3