DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

CLARENCE JENKINS,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

No. 2D2023-1547

_____

May 8, 2024

Appeal pursuant to Fla. R. App. P. 9.141(b)(2) from the Circuit Court for Sarasota County; Dana Moss, Judge.

Clarence Jenkins, pro se.

SILBERMAN, Judge.

Clarence Jenkins appeals the order summarily denying his motion for postconviction relief filed under Florida Rule of Criminal Procedure 3.850. We affirm the denial of ground two of Jenkins' motion without discussion, but we reverse the denial of ground one and remand for further proceedings.

The State originally charged Jenkins with sexual battery by a person eighteen years of age or older upon a child less than twelve years of age. It later amended the information to charge him with lewd or

lascivious molestation by a person eighteen years of age or older upon a child less than twelve years of age. Just before trial, Jenkins entered a negotiated plea to attempted sexual battery by a person eighteen years of age or older upon a child less than twelve years of age in exchange for a sentence of fifteen years' imprisonment followed by fifteen years of sex offender probation.

Jenkins provided the following factual allegations as background for his claim in ground one. Jenkins called the police after being physically attacked by W.W.[1] for not vacating the room he had been renting for five years. The house in which the room was located had been divided into three living spaces that the landlord rented out. W.W., the victim, and the victim's mother and sister wanted Jenkins' room because they needed extra space and had tricked the landlord into evicting him. When the police arrived, the mother of the victim reported that the victim told her that Jenkins had exposed himself to her and licked her vagina. Jenkins asserted that the allegation against him was a ruse to deflect from the battery committed on him by W.W. He asserted that he has always maintained his innocence. He claimed that his innocence was confirmed when the victim told Brooke Bell, a Child Protective Team coordinator with the Department of Children and Families (DCF), that no one had ever touched her inappropriately[2] and

---

[1] It is not clear from Jenkins' motion whether W.W. is related to the victim, so we refer to him by his initials to protect the victim's identity.

[2] The record before this court reveals that the victim repeated the allegation of sexual battery that she had made to her mother to hospital personnel at about 6 a.m., but she denied that anyone had ever touched her inappropriately during the forensic interview with Bell later that afternoon.

when the victim's sister, who shared the victim's bed, testified at deposition that she never saw Jenkins touch her sister that night.

Jenkins referred to Bell's deposition testimony that law enforcement told her to expect a call to set up another interview with the victim because she told her mother that she lied during the forensic interview. Bell was never contacted to conduct a second interview, and Jenkins argued that this revealed that it was clear that the victim had not lied during the forensic interview. Jenkins alleged that DCF closed its case concerning the victim after she denied any inappropriate touching. Jenkins attached reports to his motion stating that the victim told her mother that she lied during the forensic interview because she was afraid she would be taken from her family. He alleged that the statement that the victim lied has never been corroborated.

In ground one of his rule 3.850 motion, Jenkins argued that his trial counsel was ineffective for advising him to enter a best interest guilty plea without informing him that the victim had denied that anyone had touched her inappropriately, thereby rendering his plea involuntary. He alleged that there was no physical evidence against him, only the allegation reportedly made by the victim to her mother.[3] Jenkins maintained that if he had known of this viable defense, he would have insisted on going to trial. *See Grosvenor v. State*, 874 So. 2d 1176, 1179 (Fla. 2004) (stating that to state a claim of ineffective assistance of counsel in the context of a plea, a defendant must demonstrate that counsel performed deficiently and that but for counsel's deficient

---

[3] The State's notice of intent to introduce child hearsay says that a woman who was like an aunt or godmother to the victim heard the victim tell her mother about the alleged abuse and that the victim told one or two women who conducted the sexual assault exam that she awakened to Jenkins with his mouth in her vaginal area.

performance there is a reasonable probability that he would not have entered a guilty plea but would have insisted on going to trial (quoting *Hill v. Lockhart*, 474 U.S. 52, 59–60 (1985))).

In denying ground one, the postconviction court found that Jenkins' plea was not involuntary because the plea colloquy was thorough and Jenkins had ample opportunity to advise the trial court that he had an issue with counsel's performance. The postconviction court noted that at the change of plea hearing, the trial court informed Jenkins that it was granting the State's request to introduce child hearsay. The postconviction court also noted that after a hearing on Jenkins' motion to withdraw plea,[4] the trial court found that counsel had not rendered ineffective assistance and denied the motion.

We must reverse the postconviction court's denial of ground one because the court did not address Jenkins' claim that counsel failed to inform him that the victim denied during the forensic interview that anyone had touched her inappropriately, and the record attachments to the court's order do not refute the claim. Further, the postconviction court did not conduct a proper analysis of the prejudice prong. *See Grosvenor*, 874 So. 2d at 1181–82 ("[I]n determining whether a reasonable probability exists that the defendant would have insisted on going to trial, a court should consider the totality of the circumstances surrounding the plea, including such factors as whether a particular defense was likely to succeed at trial, the colloquy between the defendant and the trial court at the time of the plea, and the difference between the

---

[4] In his motion to withdraw plea, Jenkins had not alleged that counsel was ineffective for failing to advise him of the victim's denial that anyone had touched her inappropriately. At the hearing on the motion to withdraw plea, the victim's denial of any inappropriate contact was not mentioned.

sentence imposed under the plea and the maximum possible sentence the defendant faced at a trial.").  Jenkins alleged that the only evidence against him was the victim's allegation, so the fact that she made a statement inconsistent with that allegation would have been material to Jenkins' decision to enter a plea.  Accordingly, we reverse the denial of ground one and remand for the postconviction court to either attach portions of the record refuting the claim or hold an evidentiary hearing.

Affirmed in part, reversed in part, and remanded.


LaROSE and ROTHSTEIN-YOUAKIM, JJ., Concur.

_____

Opinion subject to revision prior to official publication.