827 So.2d 393 (2002)
Lazaro PADRON, Appellant,
v.
STATE of Florida, Appellee.
No. 2D01-413.
District Court of Appeal of Florida, Second District.
October 11, 2002.
*394 GREEN, Judge.
Lazaro Padron appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Padron's motion raised a claim of newly discovered evidence based upon the recantation of trial testimony. We reverse and remand for an evidentiary hearing.
Padron presented to the trial court alleged newly discovered evidence from three sources. He filed an affidavit and separate sworn statement from codefendant Jorge Gonzales (the shooter in the botched robbery Padron was allegedly involved with) recanting his trial testimony and saying Padron is innocent. He filed an affidavit and separate sworn statement from Maria Ramirez (the ex-wife of Omar Ramirez, an important state witness now apparently unavailable) alleging that Omar Ramirez, knowing Padron was innocent, still lied in his trial testimony and implicated Padron. He also filed three affidavits and three separate sworn statements from prisoners confirming that Jorge Gonzales did recant his trial testimony.
Recently, the Florida Supreme Court in McLin v. State, 27 Fla. L. Weekly S743, ___ So.2d ___, 2002 WL 31027106 (Fla. Sept. 12, 2002), set out the legal principles governing the consideration of a rule 3.850 motion containing a claim of newly discovered evidence based upon the recantation of trial testimony. The court held that the trial court must conduct an evidentiary hearing on the claim unless the sworn allegations supporting the claim are conclusively refuted by the record. Id. at 745, ___ So.2d at ___. Generally, an evidentiary hearing is required to resolve any credibility questions which arise from the sworn allegations. Id. There may be cases where, from the face of the sworn allegations, it can be determined that the allegations are inherently incredible. Id. Otherwise, if no evidentiary hearing is held, the trial court is required to accept the sworn allegations supporting the claim as true. Id.
The sworn allegations which support Padron's claim are not inherently incredible. The credibility determinations required to assess the recanted testimony need to be made by the trial court at an evidentiary hearing. Since the trial court did not conduct an evidentiary hearing on this claim, this court and the trial court must accept these allegations as true. Because of this, even though the trial court attached portions of the trial transcript to its order, the allegations Padron has made are not conclusively refuted by the record. Therefore, the trial court must hold an evidentiary hearing before ruling on Padron's rule 3.850 motion.
Reversed and remanded for an evidentiary hearing.
FULMER and DAVIS, JJ., Concur.