843 So.2d 938 (2003)
Kanisky EVANS, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D02-1886.
District Court of Appeal of Florida, Third District.
April 2, 2003.
Clarification and Rehearing Denied May 7, 2003.
*939 Kanisky Evans, in proper person.
Charles J. Crist, Jr., Attorney General, and Michael J. Neimand, Assistant Attorney General, for appellee.
Before COPE, GODERICH, and RAMIREZ, JJ.
COPE, J.
Kanisky Evans appeals an order denying his motion for postconviction relief. We affirm.
Defendant-appellant Evans is currently serving a habitual offender sentence imposed in Miami-Dade County Circuit Court case number 97-33314. He asserts that his earlier conviction for possession and sale of cocaine in Miami-Dade County Circuit Court case number 94-4827 was impermissibly counted as a predicate offense *940 for habitualization. He states that his plea bargain in the 1994 case was for a withhold of adjudication.
The plea colloquy conclusively refutes this claim. The plea colloquy twice states that the plea agreement is for an adjudication. Thus, adjudication was properly imposed as stated in the judgment. The 1994 case was properly counted as a predicate offense for habitualization purposes. See § 775.084(1)(a)3., (2), Fla. Stat. (1997).
The defendant asserts that his counsel was ineffective by misadvising him of the maximum penalty for the 1994 charges for possession and sale of cocaine. He contends that if correctly advised, he would have proceeded to trial. This claim was not brought within two years of the 1994 adjudication and is thus time-barred.
The defendant asserts that his counsel misadvised him by telling him that if he entered the plea in the 1994 case, that this was the last he would hear of that case. This claim appears to be based on the misunderstanding that his agreement was for a withhold of adjudication whereas it was, in fact, for an adjudication. Even if that were not so, we have held that a general statement that there will be no future consequences of the plea "is properly viewed as addressing the civil effects of the plea, not future recidivism." Collier v. State, 796 So.2d 629, 630 (Fla. 3d DCA 2001). We recognize that the rule followed in this district differs from that followed in the Fourth District. Wallace v. State, 833 So.2d 796 (Fla. 3d DCA 2002).[*]
Finally, the defendant is not entitled to a hearing on his claim in any event because, under the circumstances of this case, the claim is facially incredible. The plea bargain in this case was for an adjudication on the charge of selling a small quantity of cocaine to an undercover police officer. The agreed sentence was two days credit for time already served. The defendant now says that if he had known that the 1994 conviction could be used against him in the future, he would have rejected the plea bargain for credit for time served, and instead proceeded to trial on felonies subjecting him to a potential sentence of up to fifteen years in prison. This claim is so thoroughly contrary to common sense as to be inherently incredible, and does not warrant a hearing. See McLin v. State, 827 So.2d 948, 955 (Fla. 2002); Stephens v. State, 829 So.2d 945, 946 (Fla. 1st DCA 2002); Padron v. State, 827 So.2d 393, 394 (Fla. 2d DCA 2002).
Affirmed.
NOTES
[*] We decline to certify direct conflict with the Fourth District cases, see, e.g., Smith v. State, 784 So.2d 460 (Fla. 4th DCA 2000), because for the reason stated in the concluding portion of this opinion, the defendant would not be entitled to relief in any event.