COPE, J.
 

 Defendant-appellant Nelson Henad appeals an order denying his motion filed under Florida Rule of Criminal Procedure 3.850 following an evidentiary hearing. We affirm.
 

 In 1984, the defendant legally entered the United States pursuant to a tourist and business visa. Six months later, the defendant was arrested for trafficking in cocaine. The defendant took a plea offer of five years on the advice of his attorneys who, according to the defendant, told him that the offense would not subject him to deportation. The defendant faced a thirty-year sentence with a minimum mandatory of fifteen years.
 

 Upon release from incarceration, the defendant began to work in Miami-Dade County. His visas had expired in the meantime.
 

 Approximately ten years after his release from prison, in 2000, the defendant submitted an Application to Register Permanent Residence or Adjust Status with Immigration and Naturalization Service (“INS”). In 2001, the application was denied due to his conviction. He did, however, receive a Social Security number around this time.
 

 In 2007, the defendant filed an application for Social Security benefits. In that same year, the defendant received a notice from the Social Security Administration advising that he qualified for benefits but the benefits cannot be paid unless he is a United States citizen or lawfully present in the United States.
 

 In June 2007, the defendant filed a motion seeking to set aside his conviction on the grounds that he was misadvised concerning the deportation consequences of accepting the plea. The trial court denied relief finding that (1) the motion was filed too late; (2) the defendant would have been facing deportation even absent his conviction in light of his arrest; and (3) the defendant would have accepted the plea even had he known he could have been deported.
 

 As a preliminary matter, the motion was timely.
 
 See State v. Green,
 
 944
 
 *903
 
 So.2d 208, 215 (Fla.2006) (giving defendants whose cases are already final two years from the date of the opinion (October 26, 2006) to file a Rule 3.850 motion claiming a failure to warn of deportation consequences of a guilty plea). The State argues that the defendant should have brought the motion within two years of discovering that his attorney had misad-vised him and that this period began to run at the latest when the defendant filed to adjust his immigration status. The State is incorrect.
 

 Under the law existing prior to
 
 Green,
 
 a defendant could seek to set aside a plea on account of its immigration consequences (based on a failure to advise or misadvice of those consequences) only if the defendant had been threatened with deportation resulting from the plea.
 
 Green,
 
 944 So.2d at 212-13 (explaining the rule in
 
 Peart v. State,
 
 756 So.2d 42 (Fla.2000)). Under
 
 Peart,
 
 a Rule 3.850 motion would be denied as premature if an adverse immigration consequence was deemed to fall short of being a “threat” of deportation. This Court held that a Rule 3.850 motion was premature where, as here, the defendant “ ‘applied to adjust his immigration status, [and] INS advised him that he was excludable from the United States due to his conviction.’ ”
 
 State v. Green,
 
 944 So.2d at 215 (quoting
 
 Kindelan v. State,
 
 786 So.2d 599, 600 (Fla. 3d DCA 2001)).
 

 The trial court erred in ruling that this defendant’s motion was time-barred. The defendant could not have filed a Rule 3.850 motion under the old
 
 Peart
 
 rule. When
 
 Green
 
 was announced, it created a two-year window in which to file a Rule 3.850 motion, and the defendant timely filed in that window.
 
 [1]
 

 We affirm on the merits. After taking testimony, the court found it incredible that the defendant would have refused the plea. The plea bargain was for five years. The defendant faced a thirty-year sentence with a minimum mandatory of fifteen years. The defendant was an educated man who had a law degree from Colombia (his country of origin), and has family members residing there. In light of this, and finding that the defendant knew he had a very high probability of being convicted, the trial court found incredible the defendant’s claim that he would not have taken the plea if he had known the immigration consequences. Based on
 
 Evans v. State,
 
 843 So.2d 938 (Fla. 3d DCA 2003), we affirm. There was competent substantial evidence supporting that portion of the court’s ruling.
 
 [2]
 

 Affirmed.
 

 [1]
 

 . In
 
 Green,
 
 the Florida Supreme Court receded from its own prior decision in
 
 Peart,
 
 as well as
 
 Kindelan.
 
 944 So.2d at 219. The Court ruled that (with an exception not applicable here) a defendant must file a Rule 3.850 motion within two years after the judgment and sentence become final rather than from the date of a threat of deportation.
 
 Id.
 

 [2]
 

 . Because we affirm on this basis, we need not reach the defendant's claim that the court erred by relying on
 
 Rojas-Garcia v. Ashcroft,
 
 339 F.3d 814 (9th Cir.2003) and
 
 Alarcon-Serrano v. Immigration & Naturalization Serv.,
 
 220 F.3d 1116 (9th Cir.2000) as a separate ground for denying relief.