PER CURIAM.
 

 Albert Capalbo appeals the summary denial of his Rule 3.850 motion for postcon-viction relief. We affirm.
 

 Appellant accepted a ten-year offer extended by the court and pleaded no contest to attempted first degree murder. According to the factual basis for the plea and the probable cause affidavit, appellant knocked on the victim’s door and shot the victim twice at close range. The victim was appellant’s neighbor and several witnesses heard appellant threaten to kill the victim and say this was his “last warning” before the shooting. Appellant allegedly made several incriminating statements to police after his arrest.
 

 In his motion, he alleged that he informed defense counsel that he wished to pursue self-defense, but defense counsel told him he “could not” because the victim’s version of events differed from his own. He claims that, had counsel not misadvised him, he would not have accepted the plea and would have proceeded to trial. He alleges that the victim had harassed him on numerous occasions and that he had complained to the apartment manager that the victim was selling drugs and making too much noise. According to appellant, on the day of the shooting, he argued with the victim who left after the confrontation. When the victim returned, appellant approached him and asked him to “leave him alone.” The victim then allegedly made a derogatory remark and turned around. Appellant alleges that the victim reached under his shirt towards his waistband and that he believed he was reaching for a weapon. Appellant shot him twice in purported self-defense.
 

 Appellant argues that the State mischar-acterizes his claim. The State maintains that counsel was not deficient in advising appellant that self-defense was not plausible under the circumstances. Appellant, however, contends on appeal that his claim was actually that counsel gave him what he believed was expert legal advice, that self-defense “is not applicable,” as a matter of law, where the victim gives a different version of events. He argues that the plea colloquy, which did not expressly address the availability of self-defense, does not refute his claim.
 

 A postconviction movant cannot disown knowledge of the obvious. A post-conviction court is not required to hold hearings on absurd claims or accept as true allegations that defy logic and which are inherently incredible.
 
 See Montero v. State,
 
 996 So.2d 888, 891 (Fla. 4th DCA 2008) (holding that, under the circumstances of that case, the allegation that defendant would not have entered the plea was “inherently unbelievable and contrary to common sense”),
 
 rev. denied,
 
 15 So.3d 581 (Fla.2009);
 
 Evans v. State,
 
 843 So.2d 938, 940 (Fla. 3d DCA 2003) (finding that a defendant’s claim that he would not have entered his plea was “so thoroughly contrary to common sense as to be inherently incredible, and does not warrant a hearing”).
 

 Appellant admits he was aware of self-defense because he advised counsel that he wanted to pursue it. Appellant’s dubious claim that he believed counsel’s alleged expert advice that self-defense can be asserted
 
 only if the victim agrees with the defendant
 
 amounts to an allegation that appellant was unaware that he could contest at trial the victim’s version of events.
 

 The plea colloquy refutes this allegation. Appellant was 64 years old at the time of the plea. He had no difficulty with the
 
 *841
 
 English language and had completed four years of college. In the plea colloquy, appellant acknowledged that he understood that he had the right to a jury trial and to require the State to prove the charges against him beyond a reasonable doubt. The court advised him that he could confront the witnesses against him. He understood that by entering the plea he was waiving any defenses he may have to the charges.
 

 Courts should not misapply the principle that, in postconviction relief proceedings, “where no evidentiary hearing is held below, [the court] must accept the defendant’s factual allegations to the extent they are not refuted by the record.”
 
 Peede v. State,
 
 748 So.2d 253, 257 (Fla.1999) (citation omitted).
 

 Courts do not have to accept bald allegations that the prejudice component of an ineffective assistance of counsel claim is met. Where, under the totality of the circumstances, no objectively reasonable probability of prejudice exists, the claim may be summarily denied. Courts are not required to hold evidentiary hearings on objectively unreasonable postconviction claims.
 

 The prejudice standard that applies to an ineffective assistance of counsel claim in a plea case is whether the defendant has established a “reasonable probability” that, but for the deficient performance, the movant would not have entered the plea and would have proceeded to trial.
 
 Hill v. Lockhart,
 
 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985).
 
 See also Grosvenor v. State,
 
 874 So.2d 1176, 1181-82 (Fla.2004). The prejudice component of a
 
 Hill
 
 claim involves a legal standard and is not a purely factual determination. The prejudice inquiry is objective, and a court must consider the totality of the circumstances at the time of the plea.
 

 [I]n determining whether a reasonable probability exists that the defendant would have insisted on going to trial, a court should consider the totality of the circumstances surrounding the plea, including such factors as whether a particular defense was likely to succeed at trial, the colloquy between the defendant and the trial court at the time of the plea, and the difference between the sentence imposed under the plea and the maximum possible sentence the defendant faced at a trial.
 

 Grosvenor,
 
 874 So.2d at 1181-82.
 

 Appellant fails to establish a
 
 “reasonable probability”
 
 that he would not have pleaded. A “probability” is not a mere possibility, and requires something more than a bald allegation. To be sufficient, the claim must be objectively reasonable.
 
 See Hill,
 
 474 U.S. at 59-60, 106 S.Ct. 366. The circumstances must be sufficient to undermine confidence in the outcome of the proceeding, and the ultimate focus, when considering prejudice, must be on the fundamental fairness of the proceeding whose result is being challenged.
 
 Strickland v. Washington,
 
 466 U.S. 668, 696, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Viewed objectively, and accepting appellant’s allegations regarding his version of events as true, confidence in the outcome, particularly confidence in appellant’s knowing and voluntary waiver of his right to jury trial, is not undermined.
 

 In this case, the totality of the circumstances and the three factors specified in
 
 Grosvenor,
 
 874 So.2d at 1181-82, do not support prejudice. First, appellant has not alleged any facts that would make his purported self-defense claim likely to succeed at trial. In addition to the victim’s contrary version of events, appellant’s self-defense claim could have been undermined by several witnesses who heard appellant threaten to kill the victim before the shoot
 
 *842
 
 ing.
 
 [1]
 
 Second, the court conducted a sufficient plea colloquy and ensured that appellant was aware of his right to a jury trial and to confront the witnesses against him. Third, appellant was facing a possible life sentence with a 25-year mandatory minimum under the 10-20-LIFE law if convicted at trial. Appellant accepted the 10-year plea offer extended by the court, and the State agreed to waive the 25-year mandatory minimum penalty as part of the plea.
 

 The concern for finality has special force as to convictions arising from pleas.
 
 See U.S. v. Timmreck,
 
 441 U.S. 780, 784, 99 S.Ct. 2085, 60 L.Ed.2d 634 (1979).
 

 Every inroad on the concept of finality undermines confidence in the integrity of our procedures; and, by increasing the volume of judicial work, inevitably delays and impairs the orderly administration of justice. The impact is greatest when new grounds for setting aside guilty pleas are approved because the vast majority of criminal convictions result from such pleas. Moreover, the concern that unfair procedures may have resulted in the conviction of an innocent defendant is only rarely raised by a petition to set aside a guilty plea.
 

 Id.
 
 (quoting
 
 United States v. Smith,
 
 440 F.2d 521, 528-29 (7th Cir.1971) (Stevens, J., dissenting)). We would not require an evidentiary hearing on an ineffective assistance of counsel claim following a trial where no reasonable probability of prejudice exists. The prejudice standard is not
 
 less
 
 stringent in a plea case.
 

 Under the circumstances, no objectively reasonable probability exists that appellant would not have pleaded. An evidentiary hearing is not required. The claim does not merit postconviction relief.
 

 Affmned.
 

 POLEN, STEVENSON and DAMOORGIAN, JJ., concur.
 

 [1]
 

 . Self-defense is an affirmative defense.
 
 Mosansky v. State,
 
 33 So.3d 756, 758 (Fla. 1st DCA 2010). In
 
 Hill,
 
 the Court explained: “[W]here the alleged error of counsel is a failure to advise the defendant of a potential affirmative defense to the crime charged, the resolution of the 'prejudice’ inquiry will depend largely on whether the affirmative defense likely would have succeeded at trial.” 474 U.S. at 59, 106 S.Ct. 366.