PER CURIAM.
The defendant appeals an order summarily denying his Florida Rule of Criminal Procedure 3.850 motion, seeking to withdraw his plea. The state responded in the circuit court that the defendant’s prior rule 3.850 motion, which raised other grounds, should bar the instant motion as successive. We disagree with the state because the prior motion, filed through counsel, was unsworn, and thus, as a rule 3.850 motion, it should have been dismissed. Furthermore, because the prior motion was filed within thirty days after the defendant’s sentencing, it could have been considered as a rule 3.170(i) motion to withdraw his plea, which would not bar a subsequent rule 3.850 motion. Under the circumstances, we conclude the defendant’s filing of the instant motion did not constitute an abuse of procedure.
Nevertheless, we affirm the denial of the instant motion to the extent it sought to allow the defendant to withdraw his plea. We recognize the record does not refute the defendant’s claim that he was not informed by his counsel or the *206 court that one of his charges — count I, home invasion robbery with actual possession of a firearm — carried a ten-year mandatory minimum term. However, the defendant has not demonstrated he was prejudiced, given his expressed understanding at the time he entered his plea that the court could sentence him to up to life in prison on that count. See Capalbo v. State, 73 So.3d 838, 841 (Fla. 4th DCA 2011) (“Where, under the totality of the circumstances, no objectively reasonable probability of prejudice exists, the claim may be summarily denied.”). As for the defendant’s claim that he was coerced to plead, the record refutes that claim.
Further, the state candidly pointed out in the circuit court that the defendant should be resentenced for count II, grand theft, a third degree felony for which he had been sentenced to twenty years — an illegal sentence. The defendant’s brief now seeks a correction of that sentence. Accordingly, we direct the circuit court on remand to impose a legal sentence for count II.

Affirmed, but remanded for con~ection of sentence.

POLEN, TAYLOR and GERBER, JJ., concur.