DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ERROL STILLEY,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D17-0283

[July 12, 2017]

Appeal of order denying rule 3.850 motion from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Martin J. Bidwill, Judge; L.T. Case No. 13-896CF10A.

Errol Stilley, Bristol, pro se.

Pamela Jo Bondi, Attorney General, Tallahassee, and Matthew Steven Ocksrider, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

The order summarily denying appellant's motion for postconviction relief is affirmed. Appellant makes several claims regarding his plea and his inability to comprehend it because he was on medication. However, in his motion, he alleges defense counsel told him not to mention to the judge that he was taking psychotropic medication. He is not entitled to relief if he deliberately did not tell the trial court that his medication was affecting his understanding. *See Iacono v. State,* 930 So. 2d 829, 830-31 (Fla. 4th DCA 2006). As to his other claims, most are conclusory or show no ineffective assistance. Moreover, his claims that he would not have taken such a favorable plea offer and would have gone to trial, given the evidence against him, are patently incredible. Appellant was facing mandatory life and thirty years in prison on four counts as a career criminal and a prison releasee reoffender. He entered a negotiated plea to a term of probation. "A postconviction court is not required to hold hearings on absurd claims or accept as true allegations that defy logic and which are inherently incredible." *Capalbo v. State,* 73 So. 3d 838, 840-41 (Fla. 4th DCA 2011) (recognizing a probability that defendant would not have accepted the plea offer must be objectively reasonable considering the totality of the

circumstances, a mere possibility or bald allegations do not suffice, and if objectively unreasonable the claim can be summarily denied); *see also Montero v. State*, 996 So. 2d 888, 891 (Fla. 4th DCA 2008).

*Affirmed.*

GERBER, C.J., WARNER and LEVINE, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***