# FIRST DISTRICT COURT OF APPEAL
# STATE OF FLORIDA

_____

No. 1D17-4627
_____

STEPHEN MALLET,

   Appellant,

   v.

STATE OF FLORIDA,

   Appellee.

_____

On appeal from the Circuit Court for Leon County.
Martin A. Fitzpatrick, Judge.

May 21, 2019

ROWE, J.

Stephen Mallet entered an open plea to one hundred seventeen counts of possession of images depicting sexual conduct by a child and two counts of possession with intent to promote such images. Mallet timely moved for postconviction relief, arguing that he would not have entered a plea had he known that his counsel failed to reserve the right to appeal an order denying a motion to dismiss two of the counts. The State agreed that Mallet was entitled to an evidentiary hearing on his allegations. Following the hearing, the postconviction court concluded that there was no objectively reasonable probability that–had Mallet known defense counsel would fail to reserve the right to appeal the order, Mallet would have elected to go to trial rather than enter a plea. We affirm.

An investigation by law enforcement revealed that an IP address linked to Mallet had been used to access an online peer-to-peer file-sharing program. Through the file-sharing program, at least two hundred seventeen images depicting sexual conduct by a child were downloaded to Mallet's computer. Investigators also discovered during two separate searches of Mallet's computer that similar images were uploaded from Mallet's computer to the file-sharing program where other users could download them.

Mallet was charged under section 827.071(5), Florida Statutes (2010), with one hundred seventeen counts of possession of images depicting sexual conduct by a child. He was also charged under 827.071(4), Florida Statutes (2010), with two counts of possession of images with the intent to distribute or promote. Mallet moved to the dismiss the charges brought under section 827.071(4), arguing that he could not be convicted for violating the statute because the images he allegedly possessed with the intent to distribute or promote were intangible, digital photographs. The trial court rejected Mallet's arguments and denied the motion to dismiss.

Mallet entered an open plea to all charges. He did not reserve the right to appeal any issue, including the denial of the motion to dismiss. At the later-scheduled sentencing hearing, defense counsel, recognizing that the issue had not been preserved, tried to reserve the right to appeal the ruling. The trial court advised counsel that it was too late. The court sentenced Mallet to forty years' imprisonment, followed by multiple terms of sex offender probation. Mallet's convictions and sentences were affirmed on direct appeal. *Mallet v. State*, 173 So. 3d 890 (Fla. 1st DCA 2015).

Mallet then moved for postconviction relief, alleging that defense counsel was ineffective for failing to timely reserve the right to appeal the order denying his motion to dismiss. The postconviction court held an evidentiary hearing during which Mallet and his defense counsel testified. Mallet testified that he had consistently maintained his innocence with respect to the counts charging possession with intent to distribute or promote and agreed to sign the plea form only with the understanding that he could appeal the denial of his motion to dismiss. Had he known that defense counsel would fail to reserve the right to appeal the

2

ruling, Mallet asserted that he would have elected to proceed to trial.

Defense counsel testified that he did not reserve the right to appeal the order denying the motion to dismiss. He admitted that this failure was based on his misunderstanding of the preservation process. As to Mallet's allegation of prejudice, counsel testified that he explained to Mallet that there were no valid defenses to the charges against him and advised that pleading was in Mallet's best interest. After they discussed the evidence against Mallet, their agreed strategy was to present mitigating evidence to secure a more lenient sentence. Counsel observed that Mallet expressed some interest in going to trial but testified that Mallet was not so interested that he would have rejected a plea offer.

The trial court found that Mallet proved deficient performance by counsel but failed to establish prejudice. The trial court denied the postconviction motion, and this appeal follows.

*Analysis*

Mallet claims that he entered his plea only with the understanding that he would be able to appeal the order denying his motion to dismiss and that his counsel's failure to reserve the right to appeal that order amounted to ineffective assistance. Where a claim of ineffective assistance of counsel involves a plea, the defendant must meet the two-prong test outlined in *Hill v. Lockhart*, 474 U.S. 52 (1985). The first prong mirrors the deficient performance prong in *Strickland v. Washington*, 466 U.S. 668 (1984), in that the defendant must show that counsel's performance fell below the prevailing standards of professionalism. *See Hill*, 474 U.S. at 58-59. As to the second prong, the *Hill* court modified the *Strickland* prejudice requirement and held that the defendant must demonstrate "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* at 59; *see also Grosvenor v. State*, 874 So. 2d 1176, 1180 (Fla. 2004). "Importantly, 'the prejudice component of a *Hill* claim involves a legal standard and is not a purely factual determination.'" *Koroly v. State*, 257 So. 3d 1096, 1102 (Fla. 1st DCA 2018) (quoting *Capalbo v. State*, 73 So. 3d 838, 841 (Fla. 4th DCA 2011)). Courts

should not disturb a plea based only on "*post hoc* assertions from a defendant about how he would have pleaded but for his attorney's deficiencies." *Id.* at 1102 (quoting *Jae Lee v. United States*, 137 S.Ct. 1958, 1967 (2017)). Instead, there must be a reasonable probability of prejudice; the standard is not less stringent merely because the conviction arose after a plea as opposed to after trial. *See Capalbo*, 73 So. 3d at 842.

Because we find that Mallet failed to show prejudice, we need not address the deficient performance prong of the analysis.* *See Long v. State*, 118 So. 3d 798, 805 (Fla. 2013) (declining to assess the prejudice prong of *Hill* after finding that petitioner's allegations were insufficient to satisfy the deficiency prong of *Hill*). In determining whether a defendant was prejudiced, a court must objectively consider the totality of the circumstances at the time of the plea:

> [I]n determining whether a reasonable probability exists that the defendant would have insisted on going to trial, a court should consider the totality of the

---

* An appeal of the order denying the motion to dismiss would have been meritless. Mallet argued that there is no such crime as possession with intent to distribute or promote intangible (as opposed to tangible) images depicting sexual conduct by a child. His argument relied on a distinction he drew between section 827.071(4) (the intent-to-promote statute) and section 827.071(5) (the possession statute). Mallet argued that while subsection (5) prohibits possession of an "image," "data," or "computer depiction," those terms are absent from subsection (4), indicating legislative intent not to punish those who intend to promote digital images. This argument fails because subsection (5) did not include those terms until 2011. *See* Ch. 2011-220, § 15, Laws of Fla. (effective Oct. 1, 2011). At the time of Mallet's offenses in 2010, the language in subsections (4) and (5) mirrored each other. *See* § 827.071(4), (5), Fla. Stat. (2010). Under any plain reading of section 827.071(4), the term "any photograph" includes digital photographs.

4

circumstances surrounding the plea, including such factors as whether a particular defense was likely to succeed at trial, the colloquy between the defendant and the trial court at the time of the plea, and the difference between the sentence imposed under the plea and the maximum possible sentence the defendant faced at a trial.

*Grosvenor*, 874 So. 2d at 1181-82 (quoting *Hill*, 474 U.S. at 59-60). We have explained that the inquiry "demands a case-by-case examination of the totality of the evidence and focuses on the defendant's decision-making." *Koroly*, 257 So. 3d at 1102 (quotations omitted); *see also Grosvenor*, 874 So. 2d at 1182. The evidence must support the defendant's claim that there is a "reasonable probability" that he would not have pleaded absent counsel's alleged deficiencies. *Koroly*, 257 So. 3d at 1103. "A 'probability' is not a mere possibility, and requires something more than a bald allegation." *Capalbo*, 73 So. 3d at 841.

Here, the totality of the circumstances and consideration of the *Grosvenor* factors do not support a finding of prejudice. First, Mallet had no viable defenses to the charges against him. Over two hundred images depicting sexual conduct by a child were found on Mallet's computer, and investigators downloaded via an online file-sharing program at least two images depicting sexual conduct by a child that originated from Mallet's computer. Mallet had recently purchased the computer brand new, and there was no evidence that anyone other than Mallet had access to the computer. Simply put, the evidence against Mallet was formidable, and he and his counsel recognized that his chances of acquittal were slim. *See generally Griffin v. State*, 114 So. 3d 890, 899 (Fla. 2013) ("[T]he strength of the government's case against the defendant should be considered in evaluating whether the defendant really would have gone to trial if he had received adequate advice from his counsel.").

Second, the court's plea colloquy was sufficient to apprise Mallet of the rights he was giving up by entering a plea. The court specifically advised Mallet that by pleading, Mallet was waiving his right to appeal "everything other than the legality of the

5

sentence imposed." Mallet agreed and had no further questions for the court or for defense counsel.

Third, at the time he entered the plea, Mallet knew he faced a maximum sentence of six hundred fifteen years in prison. Even if his counsel had reserved the right to appeal, and Mallet had successfully obtained dismissal of the two intent-to-promote counts, he still faced five hundred eighty-five years in prison.

Based on the totality of the circumstances surrounding Mallet's plea, there is no objectively reasonable probability that if he had known defense counsel failed to reserve the right to appeal the order denying his motion to dismiss, Mallet would have elected to go to trial rather than enter a plea. *See Hill*, 474 U.S. at 60 (emphasizing that this determination should be made objectively, without regard for the "idiosyncrasies of the particular decisionmaker") (internal quotation omitted). The order denying postconviction relief is therefore AFFIRMED.

BILBREY and WINSOR, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Andy Thomas, Public Defender, and Danielle Jorden, Assistant Public Defender, Tallahassee, for Appellant.

Ashley Moody, Attorney General, and Barbara Debelius, Assistant Attorney General, Tallahassee, for Appellee.