# Supreme Court of Florida

_____

No. SC19-1038
_____

**STEPHEN MALLET,**
Petitioner,

vs.

**STATE OF FLORIDA,**
Respondent.

October 10, 2019

LAWSON, J.

Stephen Mallet filed a notice to invoke this Court's discretionary jurisdiction stating that the First District Court of Appeal's decision below "expressly and directly conflicts with the decision of another district court of appeal or the Florida Supreme Court." *See* art. V, § 3(b)(3), Fla. Const. (granting this Court jurisdiction to review district court opinions that "expressly and directly" conflict with the decision of another district court of appeal or with a decision of the Florida Supreme Court on the same question of law). However, Mallet's jurisdictional brief does not identify a conflict case. Instead, arguing that the case "may present

federal issues," Mallet simply "requests that discretionary review be granted," citing *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999).

Because the Florida Constitution does not authorize this Court to review cases that "may present federal issues," we deny the petition. Because we have received a number of similar briefs recently that identify potential "federal issues" but fail to identify any basis for our review, we write to explain why we do not have jurisdiction in this case or similar cases.

## BACKGROUND

Stephen Mallet entered open pleas to two counts of possession of images depicting sexual conduct by a child with intent to promote child pornography and to 117 counts of possession of child pornography. *Mallet v. State*, 270 So. 3d 1282, 1284 (Fla. 1st DCA 2019). He was sentenced to forty years in prison followed by multiple terms of sex offender probation. *Id.* The convictions and sentences were per curiam affirmed on direct appeal. *Id.* (citing *Mallet v. State*, 173 So. 3d 890 (Fla. 1st DCA 2015)). Thereafter, Mallet timely filed a motion for postconviction relief, arguing that trial counsel was ineffective for failing to timely reserve the right to appeal the order denying a pre-plea motion to dismiss two of the counts. *Id.* at 1284-85. The postconviction court denied Mallet's motion following an evidentiary hearing, ruling that Mallet had failed to demonstrate

prejudice. *Id.* at 1285. The First District agreed and affirmed the denial on appeal in *Mallet*, 270 So. 3d 1282, the decision that Mallet asks us to review.

## ANALYSIS

The Florida Supreme Court is "a court of limited jurisdiction," *Baker v. State*, 878 So. 2d 1236, 1245 (Fla. 2004), with authority to hear only those matters specified in Florida's Constitution. *See* art. V, § 3(b), Fla. Const. There is no provision authorizing us to review a district court of appeal decision simply because it "may present federal issues." *See id.*

In *O'Sullivan*, the United States Supreme Court addressed the doctrine that "[b]efore a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court." 526 U.S. at 842. "The particular question posed [in *O'Sullivan*] is whether a prisoner must seek review in a state court of last resort *when that court has discretionary control over its docket*." *Id.* at 843 (emphasis added).[1]

*O'Sullivan* involved an Illinois prisoner, Darren Boerckel, who had been convicted of "rape, burglary, and aggravated battery of an 87-year-old woman."

---

1. The federal exhaustion doctrine does not require state prisoners "to invoke extraordinary remedies when those remedies are alternatives to the standard [appellate] review process and where the state courts have not provided relief through those remedies in the past." *O'Sullivan*, 526 U.S. at 844 (citing *Wilwording v. Swenson*, 404 U.S. 249, 249-250 (1971)).

*Id*. at 840.  The convictions and sentences were affirmed by an Illinois intermediate appellate court "with one justice dissenting."  *Id*.  Boerckel then sought review in the Illinois Supreme Court with respect to some, but not all, of the issues decided against him by the intermediate appellate court.  *Id*.  Although the Illinois Supreme Court denied review, *id*. at 841, significantly, the Illinois Supreme Court *had discretionary jurisdiction* to hear the appeal.  *Id*. at 843 ("A party may petition for leave to appeal a decision by the Appellate Court to the Illinois Supreme Court (with exceptions that are irrelevant here), but whether 'such a petition will be granted is a matter of sound judicial discretion.' " (quoting Ill. S. Ct. R. 315 (a))).

Boerckel then filed a petition for writ of habeas corpus in the United States District Court for the Central District of Illinois, seeking relief as to three claims not raised in his petition to the Illinois Supreme Court.  *Id*. at 841.  Ultimately, the United States Supreme Court held that because "Illinois' established, normal appellate review procedure is a two-tiered system" in which "state prisoners have 'the right . . . to raise' their claims through a petition for discretionary review in the State's highest court," *id*. at 845 (quoting 28 U.S.C. § 2254(c)), the federal courts would not entertain the habeas claims that Boerckel had not included in this petition to the Illinois Supreme Court.  *Id*. at 845-48.

We fail to see the relevance of *O'Sullivan* to the question of our jurisdiction to review the First District's opinion in Mallet's case.  First, of course, our

jurisdiction is established by the Florida Constitution, not by federal law. And, second, unlike the Illinois Supreme Court, which "has the opportunity to *decide* which cases it will consider on the merits," *id*. at 846, we do not. Art. V, § 3(b), Fla. Const.

## CONCLUSION

Because Mallet's jurisdictional initial brief fails to identify a jurisdictional basis for this Court to consider his case, we deny Mallet's petition for review.

It is so ordered.

CANADY, C.J., and POLSTON, LABARGA, LAGOA, LUCK, and MUÑIZ, JJ., concur.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.

Application for Review of the Decision of the District Court of Appeal – Direct Conflict of Decisions

First District - Case No. 1D17-4627

(Leon County)

Andy Thomas, Public Defender, and Danielle Jorden, Assistant Public Defender, Second Judicial Circuit, Tallahassee, Florida,

for Petitioner

Ashley Moody, Attorney General, Trisha Meggs Pate, Bureau Chief, and Barbara Debelius, Assistant Attorney General, Tallahassee, Florida,

for Respondent